## MARTINDALE MORTGAGE CO. v. BUSCH et al.

### No. 8681.

Court of Civil Appeals of Texas. San Antonio.

Dec. 2, 1931.

398

Henry, Bickett & Bickett, of San Antonio, for appellant.

Knetsch, Stevenson & Knetsch, of Seguin, for appellees.

SMITH, J.

· Henry Busch and Anna Busch brought suit in the county court of Guadalupe county against Martindale Mortgage Company, a corporation domiciled in Bexar county, and Hans L. Arend and Albert Arend, residents of Guadalupe county, alleging that the Arends were agents of the mortgage company in Guadalupe county, and as such agents collected certain moneys owing by the Busches to the mortgage company, and remitted the same to said company, which denies it received and refuses to credit the Busches with said payments. The Busches prayed for judgment against all of said defendants, jointly and severally. The mortgage company filed its plea of privilege to be sued in Bexar county, alleging that the Arends were improperly impleaded in the suit for the purpose of fraudulently conferring venue in Guadalupe county upon the mortgage company.· The Busches, as plaintiffs, filed a controverting plea, reiterating the allegations in their petition, and alleging that the mortgage company had denied receiving said remittance from the Arends, and that the latter were necessary and proper parties to the suit in order to determine the issues raised by the pleadings. The pleas were heard by the court wholly upon the allegations therein, and, although no evidence was introduced· at the hearing, the court overruled the plea of privilege. The mortgage company has appealed.

It is apparent that the allegations in appellee's petition below negatived ·any cause of action against the Arends, and, in ,the absence of any evidence to support the allegations in the controverting plea that the Arends were necessary or proper parties to determine the issues presented in appellees' petition and thus overcome the allegations in the plea of privilege which, if true, as they are

presumed to be in absence of evidence to the contrary, the plea of privilege should have been sustained.

The judgment will be reversed, and it is ordered that the venue of the cause be changed from the county court of Guadalupe county to the county court at law No. 2, of Bexar county, as provided in article 2020, R. S. 1925.

Reversed and rendered.